L. Edward Humphrey, Esq., NSB 9066
**HUMPHREY LAW PLLC**
201 W. Liberty Street, Suite 202
Reno, Nevada 89501
Tel:   (775) 420-3500
Fax:  (775) 683-9917
ed@hlawnv.com
*Counsel for Chapter 7 Trustee, W. Donald Gieseke*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br>HARLAND WATCH & DIAMOND, LTD.,<br><br>Debtor. | Case No.:  24-50248-HLB<br>Chapter 7<br><br>**NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM**<br><br>**(LIGHTNING AUCTIONS, INC.)** |

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 45(a)(4), as incorporated under Fed. R. Bankr. P. 9016, and LR 9016(b), Chapter 7 Trustee W. Donald Gieseke ("<u>Trustee</u>"), through its undersigned counsel of record, L. Edward Humphrey, Esq. of the law firm Humphrey Law PLLC, intends to serve the following subpoena(s) duces tecum attached hereto:

- **<u>Exhibit "1"</u>** - Lightning Auctions, Inc.

DATED:  September 26, 2024.

                                      **HUMPHREY LAW PLLC**

                                      By: /s/ *L. Edward Humphrey*
                                      L. Edward Humphrey, Esq.
                                      *Counsel for Chapter 7 Trustee,*
                                      *W. Donald Gieseke*

# EXHIBIT 1

# EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT
District of **NEVADA**

In re **HARLAND WATCH & DIAMOND, LTD.**
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. **24-50248-HLB**

Chapter **7**

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: **LIGHTNING AUCTIONS, INC.**
c/o Linda Potter, Resident Agent/Director, 870 S ROCK BLVD, SPARKS, NV 89431; and/or Gregory Williams, Director/President, 870 S. ROCK BLVD. SPARKS, NV 89431

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See EXHIBIT 1 attached hereto**

| PLACE  Humphrey Law PLLC, 201 West Liberty Street, Suite 202, Reno, Nevada 89501  775-420-3500; ed@hlawnv.com | DATE AND TIME  October 21, 2024, at 10:00 a.m. |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 24-50248-hlb    Doc 76    Entered 09/26/24 11:22:05    Page 5 of 9

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT "1"

# DEFINITIONS

**SPECIFIC DEFINITIONS**

A.  As used herein the terms "**YOU**" or "**YOUR**" and any tense thereof mean the person or entity listed as the recipient of this subpoena. "**YOU**" or "**YOUR**" includes **LIGHTNING AUCTIONS, INC.**, and any predecessors, subsidiaries, affiliates, branches, segments, and/or divisions under the common control of **LIGHTNING AUCTIONS, INC.**

B.  As used herein the terms "**CUSTOMER**" refers to the person listed below, regardless of whether an **ACCOUNT** is held individually or in a joint capacity by any one of the following person:

1. **HARLAND WATCH & DIAMOND, LTD.,** a Nevada foreign limited-liability company with a Nevada Business ID of NV20101785207, a Nevada Entity Number of E0525222010-6, initially formed in Nevada on or about October 25, 20210, and with a believed EIN of ▮▮▮▮▮▮▮.

2. **BENJAMIN P. BARNES aka BENJAMIN BARNES**, an individual with a believed address of 2013 Tremont Ln., Reno, NV 89509-5820 and/or 455 N. Arlington Ave., Unit 1006, Reno, NV 89509, with a believed date of birth in or around June 1974, with a believed Nevada Driver's License Number of ▮▮▮▮▮▮▮ and a believed SSN of ▮▮▮▮▮▮▮.

Potential CUSTOMER email addresses include but are not limited to:

> harlands@sbcglobal.net
> harlandwatch@hotmail.com
> bennyrides@gmail.com
> gman2567@yahoo.com
> harlands@pacbell.net

C.  As used herein, the term "**ACCOUNT**" refers to **ANY** open or closed account held by YOU or at any of YOUR locations, including (but not limited to) bidder accounts, consignment accounts, auction accounts, seller accounts, and any other account in the name of, co-name of, or under signature or other authority of the above defined CUSTOMER and/or CUSTOMERS.

**GENERAL DEFINITIONS**

1.  As used herein, "**COMMUNICATION**" or "**COMMUNICATIONS**" shall mean and refer to any oral, written, electronic, or digital communication or contact between two or more persons or entities, including (without limitation) RECORDINGS, written contact by such means as a letter, memorandum, telephone, telex, e-mail, voice-mail, text message or any other documents, and oral contact, heard or overheard, by such means as face-to-face meeting, radio, telephone conversation, or otherwise, and every other mode of conveying

1

meaning.

2. As used herein, "**DOCUMENT**" or "**DOCUMENTS**" includes all written material including all ESI or other tangible forms in which information is stored and includes all written or graphic matter of every kind and description, however produced or reproduced, WHETHER DRAFT OR FINAL, original or reproduction, including, but not limited to, letters, applications, correspondence, memoranda, notes, films, transcripts, contracts, agreements, licenses, memoranda of telephone conversations or personal conversations, microfilm, telegrams, books, newspaper articles, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, minutes of meetings, COMMUNICATIONS, interoffice and/or interagency COMMUNICATIONS, reports, financial statements, ledgers, books of account, proposals, prospectuses, offers, orders, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, video, digital media reflecting audio and/or video, RECORDINGS, or materials similar to any of the foregoing, however denominated, and including WRITINGS, drawings, graphs, charts, photographs, data processing results, printouts and computations (both in existence and stored in memory components), and other compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. THE TERM "DOCUMENT" INCLUDES ALL COPIES OF A DOCUMENT WHICH CONTAIN ANY ADDITIONAL WRITING, UNDERLINING, NOTES, DELETIONS, OR ANY OTHER MARKINGS OR NOTATIONS, OR ARE OTHERWISE NOT IDENTICAL COPIES OF THE ORIGINAL.

3. As used herein, "**ESI**" is data or information of any kind and from any source whose temporal existence is evidenced by being stored in, or on, any electronic medium. ESI includes traditional e-mail, memos, letters, spreadsheets, databases, documents, presentations, and other electronic formats commonly found on a computer. It also includes systems, applications, and files associated metadata such as times stamps, revision history, authors, and file types.

4. As used herein, the term "**META-DATA**" means: (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, deleted or otherwise manipulated by a user of such system.

5. As used herein the term "**NATIVE FILE(S)**" means the electronic document in the electronic format of the application in which such document was originally created. For Microsoft Word documents, for example, this would be .doc or .docx files; for Excel spreadsheets this would be .xls or .xlsx.

6. As used herein, "**PERSON**" or "**PERSONS**" means any natural person, firm, partnership, trust, joint venture, corporation, proprietorship, team, association, organization or any other legal entity and denotes both the singular and plural.

7. As used herein, "**POSSESSION, CUSTODY, OR CONTROL**" includes the joint or several possession, custody, or control of YOU and any other person, including your agents, attorneys, representatives, and includes any document that you have a legal right to obtain from any other third-party.

2

8. As used herein, "**STATIC IMAGE**" means a representation of the electronic document produced by converting a Native File into a standard image format capable of being viewed and printed on standard computer systems.

9. As used herein, "**WRITINGS**" and "**RECORDINGS**" both mean letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographs, images, magnetic impulse, hard drive recordings, mechanical or electronic recording, video, database records, video/audio and/or other electronic recordings, and other forms of data compilation, including information stored or archived electronically on computers, computer discs, CD-ROMS, flash drives, thumb drives, cellular telephones, and any other form of electronic media storage.

## DOCUMENTS AND COMMUNICATIONS REQUESTED

For the time period of March 14, 2020, through the date YOU received this Subpoena Duces Tecum, please produce:

1. All contracts, agreements, and any other similar document that evidence YOUR agreement to accept any items consigned and/or submitted for auction and/or sale by any CUSTOMER.

2. All communications, including emails, between YOU and any CUSTOMER.

3. Any inventory of property proposed to be and/or actually submitted (or consigned) for auction and/or sale by any CUSTOMER, whether such property was ultimately included in the auction and/or sale or not.

4. Copies of any documents that reference any property that was removed from any auction and/or sale at the request of any of CUSTOMER prior to the auction and/or sale.

5. Copies of DOCUMENTS evidencing the identity of the seller and/or consignor of the following auction lots:

    a. Online Estate Auction that closed on or about May 30, 2023:
        i. LOT 312
        ii. LOT 314
        iii. LOT 351
        iv. LOT 355

    b. Online Estate Auction that closed on or about July 20, 2023:
        i. LOT 420
        ii. LOT 431

    c. Online Estate Auction that closed on or about September 6, 2023
        i. LOT 287
        ii. LOT 288
        iii. LOT 289

3

       iv.   LOT 290
       v.   LOT 442

  d. Online Estate Auction that closed on or about November 29, 2023:
       i.   LOT 364
       ii.   LOT 413
       iii.   LOT 414
       iv.   LOT 416
       v.   LOT 417
       vi.   LOT 419
       vii.   LOT 421
       viii.   LOT 463

  e. Online Estate Auction that closed on or about February 28, 2024:
       i.   LOT 364
       ii.   LOT 370
       iii.   LOT 371

6. Copies of all DOCUMENTS referencing the results of the sale and/or auction of any CUSTOMER property sold and/or auctioned by YOU.

7. Copies of all DOCUMENTS referencing the results of the sale and/or auction of the auctions and LOT numbers referenced in Request 5(a)-(e) above.

8. All photographs of the items (including, without limitation, watches and jewelry) sold on behalf of a CUSTOMER at any auction and/or sale held by YOU.

9. All photographs of the items sold under LOT numbers referenced in Request 5(a)-(e) above.

10. An accounting of the proceeds for all of the items (including, without limitation, watches and jewelry) sold on behalf of any CUSTOMER at any auction and/or sale held by YOU—including DOCUMENTS showing who received said proceeds, when the proceeds were distributed, and to which person and/or financial account (including the financial institution and account number) the proceeds were distributed.